WALTER V. ROJAS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Rojas v. Commissioner
Docket No. 1354-88
United States Tax Court
T.C. Memo 1994-429; 1994 Tax Ct. Memo LEXIS 437; 68 T.C.M. (CCH) 578; August 24, 1994, Filed *437 Walter V. Rojas, pro se. For respondent: Kevin Curran and Diane L. Worland. DAWSON, PANUTHOS DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Chief Special Trial Judge Peter J. Panuthos pursuant to the provisions of section 7443A(b)(4) and Rules 180, 181, and 183. [1] The Court agrees with and adopts the opinion of the Chief Special Trial Judge, which is set forth below. OPINION OF THE CHIEF SPECIAL TRIAL JUDGE PANUTHOS, Chief Special Trial Judge: This matter is before the Court on respondent's Motion to Dismiss for Lack of Prosecution. As explained below, we agree that this case should be dismissed and a decision entered sustaining the deficiencies and additions to tax set forth in the deficiency notice. Background
Respondent determined deficiencies in and additions to petitioner's Federal income taxes for *438 the years and in the amounts as follows: Additions to Tax
Sec.
Sec.
Sec.
Year
Deficiency
6653(b)(1)
6653(b)(2)
6661
1983
$ 75,388
$ 37,694.00
50% of the
$ 18,847.00
interest due
on $ 75,388.
1984
37,465
18,732.50
50% of the
9,366.25
interest due
on $ 37,465
Petitioner initially filed an imperfect petition with the Court and was directed to file an amended petition. [2] In response, petitioner filed an amended petition which states in pertinent part: Petitioner was charged by a Grand Jury with one count of conspiracy to distribute cocaine in violation of 21 U.S.C. section 846 and with three (3) counts of using a telephone to facilitate the commission of a felony in violation of 21 U.S.C. section 843(b). After trial to a jury * * * petitioner was found guilty on all four counts. * * * [Petitioner] received a fifteen (15) year sentence on the conspiracy count, concurrent four year sentences on the telephone counts, and a $ 340,000 fine. * * *
The amended petition includes an admission that petitioner was engaged in narcotics trafficking *439 during the period in issue. Respondent filed a timely answer to the amended petition denying that she erred with respect to the determinations set forth in the deficiency notice. Respondent's answer includes specific allegations in support of her determination that petitioner is liable for additions to tax for fraud under section 6653(b)(1) and (b)(2) for the years in issue. Petitioner filed a reply denying the allegations contained in respondent's answer. This case was calendared for trial in Washington, D.C., on May 18, 1994. Respondent appeared at the trial and, at the call of the calendar, filed the motion to dismiss presently pending before the Court. Petitioner did not appear at the trial nor has he filed a response to respondent's motion to dismiss. [3]
*440 Discussion
It is well established that the Commissioner's deficiency determination carries with it a presumption of correctness and that the taxpayer bears the burden of proving that the determination is incorrect. Welch v. Helvering, 290 U.S. 111 (1933); Rule 142(a). Our Rules provide that the failure of a party to appear at trial may result in entry of decision against that party. Specifically, Rule 123 provides in pertinent part: (a) Default: If any party has failed to plead or otherwise proceed as provided by these Rules or as required by the Court, then such party may be held in default by the Court either on motion of another party or on the initiative of the Court. Thereafter, the Court may enter a decision against the defaulting party, upon such terms and conditions as the Court may deem proper, or may impose such sanctions (see, e.g., Rule 104) as the Court may deem appropriate. * * * (b) Dismissal: For failure of a petitioner properly to prosecute or to comply with these Rules or any order of the Court or for other cause which the Court deems sufficient, the Court may dismiss a case at any time and enter a decision *441 against the petitioner. * * *
As indicated, petitioner failed to appear at trial. In addition, petitioner has not attempted to contact either the Court or respondent to provide notice of his forwarding address. Under these circumstances we will sustain respondent's determinations respecting the deficiencies and additions to tax under section 6661 (substantial understatement of tax) on the ground that petitioner either defaulted or simply failed to carry his burden of proof. See Smith v. Commissioner, 91 T.C. 1049, 1052 (1988), affd. 926 F.2d 1470 (6th Cir. 1991). We note that respondent also determined that petitioner is liable for additions to tax for fraud for the years in issue. Respondent bears the burden of proof with respect to the addition to tax for fraud. Rule 142(b). Nonetheless, when a taxpayer fails to appear and prosecute his case, entry of a default decision "is appropriate upon a determination in our 'sound judicial discretion' that the pleadings set forth sufficient facts" to support a finding that the taxpayer fraudulently underpaid his taxes. Smith v. Commissioner, 91 T.C. at 1058-1059; *442 see Siklich v. Commissioner, T.C. Memo. 1992-719. Based upon our review of the pleadings in this case, we are persuaded that ample support exists for finding that petitioner fraudulently underpaid his taxes for the taxable years 1983 and 1984. Prominent among the matters contained in the pleadings are petitioner's admissions that: (1) He was engaged in narcotics trafficking during the years in issue; and (2) he was convicted of certain crimes relating to narcotics trafficking and incarcerated in Federal prison. Furthermore, while it is evident from the pleadings that petitioner derived taxable income from such narcotics trafficking, petitioner failed to file Federal income tax returns for the years 1983 and 1984 and concealed information regarding his proper tax liability from respondent's agents. Under all of the circumstances, we are convinced that petitioner fraudulently failed to file Federal income tax returns for the years in issue and that the underpayments of tax required to be filed on the returns was due to fraud with intent to evade tax. Accordingly, we sustain respondent's determination of the fraud additions to tax. To reflect the *443 foregoing, An order and decision will be entered. Footnotes
1. All section references are to the Internal Revenue Code in effect for the years in issue, unless otherwise indicated. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Petitioner was incarcerated in a Federal prison in Terre Haute, Indiana, at the time he filed his petition.↩
3. The record indicates that petitioner was released from prison and deported from the United States to Colombia, South America, on Jan. 21, 1994. Petitioner did not provide the Court with a forwarding address.↩